Mr. James L. Foster, Lieutenant Little Rock Police Department 700 West Markham Little Rock, Arkansas 72201
Dear Lieutenant Foster:
This is in response to your request, pursuant to A.C.A. §25-19-105(c)(3)(B), for an opinion on the legality and propriety of releasing certain information from your personnel file to an individual who has requested the information pursuant to the "Arkansas Freedom of Information Act" ("FOIA") codified at A.C.A. §§ 25-19-101 to -107 (1987) and (Cum. Supp. 1993). Specifically, the correspondence attached to your request indicates that an individual who is also a lieutenant with the Little Rock Police Department has requested the name, race, sex, base salary and date of promotion to the rank of lieutenant of each lieutenant employed by the Department as of January 13, 1995. The custodian of the records has made a decision to release the information requested (deleting certain information from your personnel file which was not requested and which is not relevant here). You object to this release and indicate that the other lieutenants affected join you in this request for an opinion on the matter.
You state that you have never objected to releasing any information when requested of you personally or with your consent and cooperation, but object to the release of "payroll records" unless the requester has asked you personally. Additionally, you feel that this request is an unwarranted and unjustified invasion of your privacy and violates the "confidentiality of employer/employee."
It is my opinion that the custodian's decision to release the information requested is consistent with the provisions of the FOIA.
The office has previously concluded that the names, races, dates of hire and job titles of public employees are subject to disclosure under the FOIA. See Op. Att'y Gen. 91-351. Additionally, the salaries of public employees are clearly subject to disclosure under the act. See, e.g., Op. Att'y Gen. 94-198 (copy enclosed). The release of the information discussed above would not constitute a "clearly unwarranted invasion of personal privacy" under the provisions of the act governing personnel records. See again, Op. Att'y Gen. 94-198.[1] There is no requirement under the act that the requester direct his request to the subject of the records personally. A request for personnel records is to be addressed to the custodian of the records, who then will notify the subject of the records of the request, as was done in your case.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] I assume, additionally, that none of the lieutenants in question are "curently working undercover" and are not "identified in the Arkansas Minimum Standards Office as . . . undercover officer[s]" thus making their identities exempt from disclosure under A.C.A. § 25-19-105(b)(11) (Cum. Supp. 1993).